**UNITED STATES of America,**
**Appellee–Cross Appellant,**

v.

**Quinton SMITH, also known**
**as Q.U., Defendant,**

**Nathaniel Ford, also known as Black,**
**Defendant–Appellant cross**
**Appellee.**

**Nos. 05–2726–cr (L), 05–3625–cr (XAP).**

United States Court of Appeals,
Second Circuit.

March 19, 2007.

Lawrence D. Gerzog, New York, NY, for Appellant.

David M. Bitkower, Assistant United States Attorney, David C. James, Assistant United States Attorney, of counsel; for Roslynn Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, J. CLIFFORD WALLACE,[1] Circuit Judges.

## SUMMARY ORDER

Appellant–Cross–Appellee Nathaniel Ford ("Ford") brings this appeal of a judgment of conviction after a jury verdict of guilty on the charges of: conspiring to distribute over 50 grams of crack cocaine; two counts of being in possession of over five grams of crack with the intent to distribute same; dealing in firearms; and one count of being a felon in possession of a firearm. The government brings a cross-appeal challenging the reasonableness of the sentence, which was principally a term of 210 months imprisonment. We assume the parties' familiarity with the facts and the specification of the issues on the appeal.

One of the issues raised in the cross-appeal has been decided during its pendency. In *United States v. Castillo,* this court held that "we see nothing in [18 U.S.C.] § 3553(a) or in *Booker* more generally that authorizes district courts to sentence defendants for offenses involving crack cocaine under a ratio different from that provided in the Sentencing Guidelines." 460 F.3d 337, 361 (2d Cir.2006). Accordingly, "district courts may give non-Guidelines sentences only because of case-specific applications of the § 3553(a) factors, not based on policy disagreements with the disparity that the Guidelines for crack and powder cocaine create." *Id.*

Ford attempts to differentiate this case from *Castillo* by arguing that the district court chose to apply a crack to power cocaine ratio that did not correspond with the Guidelines because of the district court's consideration of how the Section 3553(a) factors militated in this particular case. However, this argument cannot be reconciled with the district court's stated rationale for the non-Guidelines sentence.

1. The Honorable J. Clifford Wallace, United States Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

The district court opined at the commencement of the sentencing hearing that it did not consider crack cocaine to be as serious as the drug quantity tables in the Sentencing Guidelines suggest. [JA 7]. *See* U.S.S.G. § 2D1.1(c) (incorporating the 100:1 ratio that Congress had imposed for mandatory minimums into a drug quantity table that tied quantities of drugs to base offense levels). After calculating Ford's Guidelines range at the hearing, the district court again opined that any non-Guidelines sentence should reflect the inappropriateness under 3553 of using a 100:1 ratio for distinguishing between powdered cocaine from which crack is made and crack itself. [JA 33]. The non-Guidelines sentence actually imposed reflects these considerations.

Accordingly, it is clear that the district court considered how the circumstances of this case squared with the 3553(a) factors against a baseline of sentencing liability that it had already decreased because of its policy-based disagreements with the framers of the Guidelines' drug quantity tables. Following *Castillo*, this was procedural error in the calculation of a sentence, which yields an unreasonable sentence warranting remand. We need not decide—and do not decide, after not reaching the issue—the issue of the ultimate substantive reasonableness of the length of the term of incarceration imposed below, but merely address the error in the process used by the district court to determine the sentence. *See Castillo*, 460 F.3d at 354; *see also United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). Finally, after carefully considering the remainder of cross-appellant's arguments and those of the appellant, we find them to be without merit.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Judge for the Eastern District of New York be and it hereby is **AFFIRMED,** the sentence is **VACATED,** and we **REMAND** for further proceedings consistent with this order.