SUMMARY ORDER
Defendant-appellant Nathaniel Ford appeals from an amended judgment, entered by the United States District Court for the Eastern District of New York (Sifton, J.) on June 17, 2008, sentencing him to 210-months’ imprisonment. In an earlier appeal of this case, we affirmed the judgment of conviction against Ford, but vacated a sentence of 210 months’ imprisonment and remanded to the district court for consideration of an intervening decision in United States v. Castillo, where we held that “district courts may give non-Guidelines sentences only because of case-specific applications of the § 3553(a) factors, not based on policy disagreements with the disparity that the Guidelines for crack and powder cocaine create.” 460 F.3d 337, 354 (2d Cir.2006). See United States v. Smith, 220 Fed.Appx. 11, 13 (2d Cir.2007). After remand but before resentencing, two intervening changes in law occurred. First, the base offense level for narcotics offenses involving between 50 and 150 grams of cocaine base was reduced from 32 to 30. See U.S.S.G. § 2D1.1(c)(5). Second, the Supreme Court held in Kimbrough v. United States, that a distinct court was permitted to depart from the Sentencing *52 Guidelines based solely on a disagreement concerning disparities between sentences for crack cocaine and powder cocaine, 552 U.S. 85, 128 S.Ct. 558, 574-75, 169 L.Ed.2d 481 (2007), thereby overruling Castillo. See United States v. Gavera, 550 F.3d 180, 191 (2d Cir.2008) (rehearing in banc) (noting that Kimbrough overruled Castillo). At resentencing, the Guidelines range was 267 to 327 months’ imprisonment. The district court imposed a sentence of 210-months’ imprisonment. Having set forth this background, we otherwise assume the parties’ familiarity with the facts, procedural background, and specification of issues on appeal.
Ford argues that the district court failed to properly consider disparities between his sentence and his co-defendants’ sentences. The government contends that Ford has waived this argument because it was not raised on the first appeal. The law of the case doctrine provides that an appellate court’s earlier ruling on an issue “ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court.” United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir.2002). The defendant still can raise previously waived issues if the appellate court has remanded for de novo resentencing. Id. The original mandate in this case, as in Quintieri, effected a limited remand since it “identified a specific sentencing error, remanded because of that error, and decided that all other claims were without merit.” Id. at 1227.
Even if the appellate court’s original mandate orders a limited remand, the defendant may still raise issues that were previously waived if the defendant lacked “an opportunity and an incentive to raise [the issue] before the sentencing court or on appeal.” Id. at 1229. Ford had the opportunity and incentive to raise the disparities issue when sentenced for the first time on May 18, 2005, because five of the six co-defendants had already been sentenced to terms of imprisonment shorter than Ford’s proposed Guidelines range.
The defendant also may raise previously waived issues after a limited remand if the appellate court considers departure from the law of the case appropriate for “ ‘cogent’ and ‘compelling’ reasons such as ‘an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.’ ” Id. at 1230 (quoting United States v. Tenzer, 213 F.3d 34, 39 (2d Cir.2000)). Kimbrough was an intervening change in the law that overruled this Court’s decision in Castillo, which had been the basis for the limited remand to the district court. Moreover, the Guidelines range had to be recalculated on remand since the base offense level for narcotics offenses involving between 50 and 150 grams of cocaine base was reduced from 32 to 30. See U.S.S.G. § 2D1.1(c)(5). In light of the changes in sentencing law during the pendency of Ford’s case, the district court proceeded to reevaluate the Section 3553(a) factors at the resentencing hearing. The court expressly noted the issue of disparities between Ford’s sentence and co-defendants’ sentences. Although Ford never raised the disparities issue until after this Court’s remand, we consider the merits of the Ford’s argument since the disparities were a factor considered by the district court at resentencing.
We have observed that Section 3553(a) does not require, but permits district courts to consider sentencing disparity among co-defendants. United States v. Wills, 476 F.3d 103, 110 (2d Cir.2007). Ford asserts that the district court did not give adequate consideration to the dispari *53 ty between his sentence of 210-months’ imprisonment and his co-defendants’ sentences ranging from 12 months to 120-months’ imprisonment. This argument fails because the district court considered the disparities among other relevant factors in arriving at a sentence of 210-months imprisonment that was reasonable under the circumstances. See United States v. Florez, 447 F.3d 145, 158 (2d Cir.2006) (“[I]f sentencing disparities between co-defendants are properly considered, the weight to be given such disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.” (quotation marks and alteration omitted)). The district court was entitled to impose this sentence because Ford had a more substantial role in the conspiracy than his co-defendants, and thus was not similarly situated to his co-defendants for sentencing purposes. See United States v. Fernandez, 443 F.3d 19, 28 (2d Cir.2006) (holding that “a disparity between non-similarly situated co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)”).
We, therefore, affirm the judgment of the district court.